Mr. Chief Justice Shaekey
delivered the opinion of the court.
The construction which should be given to the marriage contract, is the only question raised. Since the filing of the bill the complainant has died, and King has administered and claims the property in that capacity, on the ground that it was secured to Mrs. Kimball and her heirs, by the contract, not during coverture merely, but absolutely. The contract itself must be the expositor of the intention of the contracting parties, and although it was inartificially drawn, yet if we give to the terms used, their necessary legal import, there can be no great difficulty in deciding as to their effect. One great object in making the contract was, to relieve the property from liability for the debts of Kimball, as is clearly shown by the first feature of the agreement. It was agreed that he was to have “ no access t.o the said Margaret Ra-gan’s property either personal or real.” If these terms could even be construed as vesting the property in her alone, the subsequent explanation is abundantly sufficient to show the true interpretation. The words immediately following those above-mentioned are these: “ that is to say, that said property is not to be taken by execution for said Kimball’s debts, and he, the said Kimball, is not to sell any of the said Margaret'Ragan’s property.” There is nothing in these provisions that could possibly operate farther than as a suspension of the marital right of the husband over the pro- ' perty during the coverture. In the subsequent part of the agreement is this provision: “ The said Margaret Ragan is to have the use of her property during life and then to dispose of it as she thinks proper.” By this, two privileges were secured; first, the use of the property during life; and, secondly, the power to dispose of it at her death; but they can only be regarded as rights or privileges reserved, the one to be exercised in future, if the party should think proper. But there is no provision in the instrument that can be construed as an exercise of that discretionary power: It was but a reserved right of appointment which, not having been exercised, left the property in the same situation as though no such power had been reserved, and at her death the husband’s right became complete. The case of Stewart v. Stewart, 7 Johns. Chan. Rep. 229, cited by defendant’s counsel, is an authority in *534 point; and, indeed, was a much stronger case than the present. Mrs. Hopkins, on the recital of the deed, expressed an intention to provide for her children, but they not being named in the granting part of the contract, it was held, that they could not claim the property. She also conveyed to a trustee, who was authorised to lease or sell the property, free from any control of the said husband, and without accountability to him; and although in that case, as in this, she reserved a power of appointment, yet as there was not in the deed a disposition of the property, in event of the death, and as she did not exercise the power of appointment, the right to the property was adjudged to have vested in the husband at her death.
The decree of the chancellor dismissing the bill must be affirmed.